Richard URRIZAGA, Plaintiff–Appellant,

v.

TWIN FALLS COUNTY, a political subdivision of the State of Idaho; Wayne Tousley, individually and in his official capacity as Sheriff of Twin Falls County; John Does 1–10, employees of Twin Falls County, individually and in their official capacities, Defendants–Appellees.

No. 03–35240.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided July 2, 2004.

---

Thomas D. Kershaw, Jr., Attorney at Law, Twin Falls, ID, for Plaintiff–Appellant.

Kirtlan G. Naylor, Mark A Kubinski, Naylor Hales & McCreedy, Boise, ID, for Defendants–Appellees.

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Richard Urrizaga appeals the district court's summary judgment in favor of the defendants dismissing his claims asserted under 42 U.S.C. § 1983 and state

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Without deciding whether Urrizaga's participation in the furlough program amounted to a liberty interest under the Constitution, we affirm the district court because Urrizaga was afforded adequate due process before his participation in the program was terminated. His attorney was given written notice of the claimed furlough violation and a copy of the deputy sheriff's furlough check report. At his attorney's request, Urrizaga was given an expedited hearing two days after he was denied release from jail. He was represented by counsel, but did not attend the hearing. The judge offered to continue the hearing until Urrizaga could be present, but Urrizaga's attorney opted to proceed without his client. No witnesses were called. Instead, Urrizaga's attorney and the county attorney agreed on stipulated evidence. Again, the judge offered to continue the hearing so that witnesses could be called and cross-examined, but Urrizaga's attorney opted to proceed on the stipulated evidence. The judge explained his decision to counsel and subsequently issued a written order. These procedures were adequate for the furlough suspension. See Wolff v. McDonnell, 418 U.S. 539, 560, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Urrizaga also claims he was denied prescription medication, forced to sleep on the floor of the jail, and denied evening meals, all in violation of the Eighth Amendment.

The only named defendants in this case are Twin Falls County and Sheriff Tousley.[1] Local governments may be liable under 42 U.S.C. § 1983 only when the constitutional injury inflicted was the result of a government custom or practice. Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Urrizaga does not allege that the denial of prescription medication was a county custom or practice. He also makes no allegation that Sheriff Tousley knew of or directed the denial of medication. The medication component of his Eighth Amendment claim was properly dismissed.

The remaining Eighth Amendment claims do not rise to the level of constitutional violations. A plaintiff challenging conditions of confinement must make two showings: "First, the plaintiff must make an objective showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Second, the plaintiff must make a subjective showing that the prison official acted with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (internal quotations and citations omitted).

Urrizaga's claim that he was denied a bed fails to meet the required "objective" showing. For a few nights he was provided a sleeping pad of a few inches in thickness. He does not contend that he was harmed by this, and in any event it is not a violation of the Eighth Amendment in the circumstances of this case to deny an inmate a comfortable mattress.

■ Urrizaga's claim that he was denied evening meals fails to meet the required "subjective" element of his Eighth Amendment claim. He asserts that the reason he and others were denied evening meals was because, as furlough participants, they were able to obtain food outside the jail.

1. Urrizaga inexplicably added two additional defendants to the caption on the covers of his submissions for this appeal. We have disregarded claims against these defendants, as Urrizaga may not unilaterally add defendants without authority of the court.

This negates the requisite "culpable state of mind" necessary for an Eighth Amendment violation.

■ Urrizaga also alleged a state law negligence claim, presumably against Sheriff Tousley. This claim was dismissed because Urrizaga failed to post a bond as required by Idaho Code § 6–610, which applies to state law civil actions against law enforcement officers.[2] Urrizaga never sought waiver of the bond. He now argues that, because the statute requires a bond for suits against law enforcement officers but not against any other type of defendant, the statute violates the Equal Protection Clause of the Fourteenth Amendment. Even if Urrizaga had preserved this issue by seeking waiver of the bond, his argument is without merit. "[F]ee requirements ordinarily are examined only for rationality." *M.L.B. v. S.L.J.*, 519 U.S. 102, 123, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). The stated purpose for the bond requirement "is to ensure . . . payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court." Idaho Code § 6–610(2). Ensuring payment of amounts due to the state (or its agents) meets the requirements of rationality. *Ortwein v. Schwab*, 410 U.S. 656, 660, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).

For the foregoing reasons, the district court's summary judgment is AFFIRMED.

2. There is no bond requirement for bringing claims under 42 U.S.C. § 1983.

